UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, Plaintiff, v. ELANGOVAN PUNNIAKOTI, et. al, Defendants. | Case No. 22-cr-00139-EJD-1  **ORDER DENYING MOTION TO DISMISS**  Re: ECF No. 83 |
|---|---|

The United States has charged Defendants Elangovan Punniakoti and Mary Christeena each with six counts of visa fraud and one count of conspiracy related to fraudulent H-1B visa applications that Defendants submitted on behalf of third-party beneficiaries. ECF No. 1 ("Indictment"). Defendants now move to dismiss the Indictment on the ground that it fails to allege any false statements that were material to activities or decisions of immigration authorities, as required by 18 U.S.C. § 1546(a). ECF No. 83 ("Mot." or "Motion"). For the reasons stated below, Defendants' motion is DENIED.

I.   **BACKGROUND**

The following facts are taken from the Indictment, as required on a motion to dismiss an indictment for failure to state an offense. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) ("On a motion to dismiss an indictment for failure to state an offense, the court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged").

Case No.: 22-cr-00139-EJD-1
ORDER DENYING MOTION TO DISMISS
1

### A. The H1-B Visa Program

The H-1B Specialty Occupation Workers program allows an employer to temporarily employ a foreign worker in the United States on a nonimmigrant basis in a "specialty occupation." Indictment ¶ 5. A "specialty occupation" requires the theoretical and practical application of a body of specialized knowledge and a bachelor's degree or its equivalent in the relevant specialty. *Id.*

An employer seeking to employ an H-1B nonimmigrant is required to submit a completed Labor Condition Application for Nonimmigrant Workers (ETA Form 9035) ("LCA Form") to the Department of Labor. *Id.* ¶ 6. The LCA Form requires the employer to provide information and several attestations about the job, including confirmation of "the existence" associated with the temporary job. *Id.* After the LCA Form is approved, the employer submits a Form I-129 Petition for Nonimmigrant Worker with the United States Citizenship and Immigration Services ("USCIS") on behalf of the foreign worker. *Id.* ¶ 7. The foreign worker is referred to as the "beneficiary" of the H-1B application process. *Id.* ¶ 8. When a petitioner other than the ultimate employer applies for an H-1B visa for a foreign worker, the ultimate employer seeking to hire the worker is referred to as the "end-client." *Id.*

### B. Defendants' Allegedly Unlawful Conduct

Innovate Solutions, Inc. ("Innovate Solutions") was an information technology services company based in Santa Clara County, California. *Id.* ¶ 3. Defendant Punniakoti served as the company's chief executive officer and vice president, and Defendant Christeena served as its secretary, director, and president. *Id.* ¶¶ 1, 2. Between 2010 and 2020, Defendants allegedly submitted approximately 54 fraudulent H1-B visa applications sponsored by Innovate Solutions to create a "pool of H-1B beneficiaries" who could be placed at employment positions with employers other than Innovate Solutions. *Id.* ¶ 10. The submissions falsely stated that the foreign worker would be placed at certain end-client companies, but those end-client companies either never received or never intended to receive those H-1B workers. *Id.* ¶ 11.

As a result of this scheme, USCIS issued numerous H1-B visas to these foreign workers,

Case No.: 22-cr-00139-EJD-1
ORDER DENYING MOTION TO DISMISS

1   and end clients paid Innovate Solutions over $2.5 million in fees to cover the cost of the

2   employees' wages and salaries as well as a markup for profit for Innovate Solutions. *Id.* ¶ 12.

## II.   LEGAL STANDARD

Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), a defendant may move to dismiss a count in an indictment on the ground that the count "fail[s] to state an offense." Every count must "set forth all the elements necessary to constitute the offence intended to be punished." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)). Where a count fails to recite an essential element of the offense, that count is facially defective and must be dismissed. *See United States v. Pernillo-Fuentes*, 252 F.3d 1030, 1032 (9th Cir. 2001).

For purposes of ruling on a motion to dismiss a count in an indictment, courts are "bound by the four corners of the indictment." *United States v. Lyle*, 742 F.3d 434, 436 (9th Cir. 2014) (quoting *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002)). Courts accept the allegations in the indictment as true and "analyz[e] whether a cognizable offense has been charged." *Boren*, 278 F.3d at 914. A motion to dismiss a count in an indictment can be determined before trial if it presents legal, rather than factual, issues. *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986).

## III.   DISCUSSION

The Government alleges that Defendants violated 18 U.S.C. § 1546(a). That statute prohibits, among other things:

> knowingly mak[ing] under oath, or as permitted under penalty of perjury under section 1746 of title 28, United States Code, knowingly subscrib[ing] as true, any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, or knowingly present[ing] any such application, affidavit, or other document which contains any such false statement or which fails to contain any reasonable basis in law or fact.

18 U.S.C. § 1546(a).

The elements of a such a violation are: (1) the defendant made a false statement; (2) the

Case No.: 22-cr-00139-EJD-1
ORDER DENYING MOTION TO DISMISS
3

statement was made knowingly; (3) the statement was material to the USCIS's activities or decisions; (4) the statement was made under oath; and (5) the statement was made in an application required by the immigration laws or regulations prescribed thereunder of the United States of America. *See United States v. Wang*, 944 F.3d 1081, 1087 (9th Cir. 2019) (citing *United States v. Chu*, 5 F.3d 1244, 1247 (9th Cir. 1993)).

Defendants' motion to dismiss focuses on the third element—whether the alleged false statements were "material" to the USCIS's activities or decisions. The Government alleges that Defendants made false representations and material omissions to USCIS "relating to, among other things, the nature, existence, and scope of H-1B positions." Indictment ¶ 11. Specifically, Defendants represented where applicants would work knowing the representations were false. *Id.* at ¶ 17. Defendants argue that these statements were not material because the Government is not permitted to consider them following *ITServe All., Inc. v. Cissna*, 443 F. Supp. 3d 14 (D.D.C. 2020).

*ITServe* addressed challenges to recent USCIS policies. Relevant here, *ITServe* held that USCIS policies requiring that H-1B petitioners "(1) provide proof of non-speculative work assignments [for H-1B beneficiaries] (2) for the duration of the visa period" were not permissible under the agency's own regulation. *Id.* at 20. The court explained that USCIS's interpretation of its regulation defining "specialty occupation" to require employers to identify non-speculative work assignments in a specialty occupation for the term of the H-1B visa was "plainly erroneous." *Id.* at 39–40. *ITServe* also found that the itinerary requirement had been superseded by the American Competitiveness and Workforce Improvement Act of 1998 ("ACWIA"), which authorizes employers to place H-1B visa holders in paid non-productive status. *Id.* at 40–41.

Shortly after the *ITServe* decision, USCIS issued Policy Memorandum PM-602-0114 ("Recission Memo"). That memorandum rescinded prior policy memoranda that had established the policies *ITServe* struck down. In particular, the Recission Memo stated that USCIS was rescinding the policy memoranda that governed (1) the employer-employee relationship, and (2) the itinerary requirements. The Recission Memo also clarified that "*[a] bona fide job offer must*

Case No.: 22-cr-00139-EJD-1
ORDER DENYING MOTION TO DISMISS

4

*exist at the time of filing*. The petitioner is required to attest under penalty of perjury on the H-1B petition and LCA that all of the information contained in the petition and supporting documents is complete, true, and correct. The petitioner has the burden of proof *to establish that employment exists at the time of filing* and it will employ the beneficiary in the specialty occupation." Rescission Memo 2 (emphasis added).

Following *ITServe* and the subsequent Recission Memo, USCIS no longer requires the identity of the beneficiary's specific day-to-day assignments for the duration of the requested visa, and USCIS will abstain from application of its itinerary requirement. But the Indictment here does not allege that Defendants made false statements pertaining to day-to-day assignments or the visa beneficiaries' itineraries. It alleges that Defendants made false representations relating to "the nature, existence, and scope of H1-B positions." Indictment ¶ 11. Defendants allegedly falsely represented that certain applicants "would work off-site at another company" or "at Innovate Solutions" when Defendants "knew at the time that these representations were false." *Id.* ¶ 17.

These allegations are sufficient to set forth the element that the false statements were "material" to the USCIS's activities or decisions under § 1546(a). *ITServe* did not eliminate the fundamental requirement that the individual or entity applying for an H-1B visa identify an available job for the beneficiary. Defendants' arguments to the contrary do not change the Court's conclusion.

***First***, Defendants' arguments here largely overlap with those the Court rejected in *United States v. Dattapuram*. *See* Order Denying Motion to Dismiss, 19-cr-0099-EJD, ECF No. 183 ("*Dattapuram* Order"). To avoid the same conclusion, Defendants contend this case is distinct because unlike *Dattapuram*, "there is no alleged pay-off scheme here," and the "only alleged misrepresentation" at issue here is that "the client project and address where the beneficiary would work if their H-1B visa petition was ultimately approved [] would be different than that listed on the initial petition." Mot. 16. But the critical alleged misrepresentation in both *Dattapuram* and here is that H1-B positions existed at the time of submitting the applications when in truth no such position existed. Thus, the Court is not persuaded that differences in the *Dattapuram* indictment

Case No.: 22-cr-00139-EJD-1
ORDER DENYING MOTION TO DISMISS

and the present indictment permit dismissal. As in *Dattapuram*, "the Indictment here did not rely on 'details concerning the specific projects upon which' the beneficiaries would be working. Rather, the allegedly fraudulent statements were regarding the very existence of the jobs Defendant represented were waiting for the beneficiaries." *Dattapuram* Order 7.[1]

***Second***, Defendants argue that "the true employer here" is Defendants' company, Innovate Solutions, Inc. and "*not* the end clients they contract to provide services too." Mot. 18 (emphasis in original). Because the Indictment does not allege that Defendants either intended to or did stop paying beneficiaries should they not ultimately be placed, Defendants argue that the Indictment fails to allege any misrepresentation. This argument is perplexing. In the Fact Sheet cited by Defendants, the Department of Labor defines an "H1-B employer" as any entity which (1) files an LCA Form, and (2) a Petition for Nonimmigrant Worker with USCIS. *See* Mot. 18 (citing U.S. DOL Wage & Hour Div., Fact Sheet No. 62B: Who is an H-1B Employer (July 2008), available at https://www.dol.gov/agencies/whd/fact-sheets/62b-h1b-employer). And the LCA Form requires that the applicant provide the "Job Title" for the "Temporary Need Information" along with the "Employer Information." *See* LCA Form §§ B, C. So even if the "true employer" is Defendants' company, the Indictment before the Court alleges that Defendants falsely stated that the proposed H1-B workers would be working on "an internal project" for Innovate Solutions when Defendants "knew no such project existed." Indictment ¶ 11. This purported misrepresentation itself is sufficient to avoid dismissal of the Indictment, particularly because many of the misstatements occurred in applications submitted years prior to *ITServe*'s holding. *See United States v. Knox*, 396 U.S. 77, 79 (1969) ("[O]ne who furnishes false information to the Government in feigned compliance with a statutory requirement cannot defend against prosecution for his fraud by challenging the validity of the requirement itself"); *see also United States v. Guntipally*, No. 16-cr-

---

[1] Nor does the Court find persuasive Defendants' argument that dismissal is warranted because this case is like *Patnaik*. *United States v. Patnaik*, No. 22-CR-00014-BLF, 2023 WL 1111829 (N.D. Cal. Jan. 30, 2023) (dismissing indictment and explaining that "USCIS may not require details concerning the specific projects upon which an H-1B visa beneficiary would be working under its governing regulations"). The allegedly fraudulent statements here include statements that the foreign workers would be working at end-client companies when no such job existed.

Case No.: 22-cr-00139-EJD-1
ORDER DENYING MOTION TO DISMISS

6

189-JSC, 2022 WL 2183285, *2–3 (N.D. Cal. 2022) ("[e]ven if USCIS could not require employers to provide certain kinds of proof, applicants such as Ms. Guntipally are required to be truthful in the H-1B applications themselves").

*Third*, Defendants contend that the Court should disregard—as unlawful post-*ITServe*—the Recission Memo's explicit guidance that a bona fide job offer must exist at the time of filing the H1-B visa application. *See* Reply 6 ("Just as with the USCIS policies struck down by the court in *ITServe*, the Service's assertion in the [Recission] Memo that a bona fide job must exist[] at the time of filing finds no support in the law."). In other words, Defendants argue that the Court should ignore the guidance in the Recission Memo and conclude that no bona fide job for the beneficiary needs to exist at the time of filing of the application. The Court does not read *ITServe* as having eliminated the fundamental requirement that the individual or entity applying for an H-1B visa identify an available job for the beneficiary. In turn, the Court finds unpersuasive Defendants' argument that the USCIS's guidance in the Recission Memo should be ignored as contrary to *ITServe*.

*Finally*, Defendants requested an opportunity to brief arguments relating to the Department of Homeland Security's published "Final Rule" in the Federal Register. 89 Fed. Reg. 103,054 (Dec. 18, 2024) (accessible at https://www.federalregister.gov/documents/2024/12/18/2024-29354/modernizing-h-1b-requirements-providing-flexibility-in-the-f-1-program-and-program-improvements) ("Final Rule"). During the hearing on this motion, counsel for the Government alerted the Court and Defendants' counsel of the Final Rule, published just days earlier. Defendants' supplemental brief argues that the proposed changes to the H1-B requirements in the Final Rule support their argument that USCIS did not have the legal authority to require Defendants to attest that a bona fide job existed for the intended beneficiary at the time of the application. Supplemental Brief, ECF No. 92. The Court is not convinced by Defendants' unsupported argument that, by publishing the Final Rule, USCIS implicitly admitted that there is uncertainty surrounding whether or not an H1-B visa applicant must attest to the existence of a job at the time of applying. Indeed,

Case No.: 22-cr-00139-EJD-1
ORDER DENYING MOTION TO DISMISS
7

the Final Rule reiterates that "the requirement of non-speculative employment derives from the statutory definition of an H-1B nonimmigrant worker as someone who is 'coming temporarily to the United States to perform services . . . in a specialty occupation . . . .'" Final Rule, 89 Fed. Reg. at 103124 (citing 8 U.S.C. § 1101(a)(15)(H)(i)(b)). It also reaffirms that "[d]emonstrating bona fide employment is a basic, fundamental requirement and is essential to maintaining the integrity of the H-1B program." *Id.* (citing *Serenity Info Tech, Inc. v. Cuccinelli*, 461 F.Supp.3d 1271, 1286 (N.D. Ga. 2020)).

The Court declines to ignore the clear statements in the Final Rule that appear consistent with *ITServe*. Nor will the Court adopt Defendants' view of the Final Rule and hold that its very existence suggests that USCIS lacks legal authority to require an attestation of a bona fide job when applying for an H1-B visa.

## IV.     CONCLUSION

Following *ITServe* and as confirmed by the Recission Memo, USCIS no longer requires the identity of the beneficiary's specific day-to-day assignments for the duration of the requested visa, and USCIS will abstain from applying its itinerary requirement. The Indictment here states a claim because it alleges Defendants made false representations relating to "the nature, existence, and scope of H1-B positions." Indictment ¶ 11. Defendants allegedly falsely represented that certain applicants "would work off-site at another company" or "at Innovate Solutions" when Defendants "knew at the time that these representations were false." *Id.* ¶ 17.

For the foregoing reasons, Defendants' Motion is DENIED.

**IT IS SO ORDERED.**

Dated: January 4, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 22-cr-00139-EJD-1
ORDER DENYING MOTION TO DISMISS

8