CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

SARAH E. GRISWOLD (CABN 240326)
Assistant United States Attorney

60 South Market Street, Suite 1200
San Jose, California 95113
Telephone: (408) 535-5061
FAX: (408) 535-5081
sarah.griswold@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:22-cr-139 EJD |
| Plaintiff, | ) | |
| | ) | UNITED STATES' SENTENCING |
| v. | ) | MEMORANDUM |
| | ) | |
| ELANGOVAN PUNNIAKOTI, | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff United States of America, by and through its undersigned counsel, hereby submits its position regarding the sentencing of defendant Elangovan Punniakoti.  For the reasons detailed below, the United States recommends a total sentence of 24 months of imprisonment, three years of supervised release a fine of $10,000, a special assessment of $700, and forfeiture in the amount of $2,555,725, which is sufficient, but not greater than necessary, to meet the goals of sentencing expressed in 18 U.S.C. § 3553(a).

**FACTS**

The Defendant devised and executed a decade-long visa fraud scheme through which he and his wife and co-defendant Mary Christeena received more than $2.5 million.  He used his background in software engineering and business development management, Doc. 133 (PSR) at ¶¶ 68-72, to start

U.S. SENTENCING MEMO.
5:22-cr-139 EJD                          1

Innovate Solutions, Inc., an information technology services company, *id.* at ¶ 7.  Through this company, the Defendant and his wife submitted more than 50 fraudulent H-1B visa petitions for temporary nonimmigrant beneficiaries, along with fraudulent supporting documentation.  *Id.* at ¶¶ 12, 15, 17-20.  They misrepresented where nonimmigrants would work and what they would be doing in order to obtain temporary work visas before they identified any work for the beneficiaries to do.

The petitions and supporting documentation falsely claimed that the foreign worker beneficiaries would be working for specific end clients or for Innovate Solutions in-house.  The Defendant convinced third parties to sign paperwork claiming beneficiaries would work at their companies when he and they knew this was not true.  He directed his wife regarding the fraudulent visa petitions and supporting documents, including to sign LCAs, employment agreements, and statements of work supporting the false end-client representations in the visa petitions.  *See* PSR at 38.  After visas were issued based on fraudulent information, the Defendant and his wife looked for end-client companies with work for the nonimmigrant workers.  The Defendant used email addresses purporting to be those of beneficiaries to find them work.  He directed his wife to post beneficiary resumes online, to send potential end clients information they requested regarding the beneficiaries, and to execute paperwork for true end clients.

The Defendant was involved in all aspects of this fraud.  As a result of the scheme, at least $2,555,725 in fraud proceeds went to a bank account in the name of Innovate Solutions, Inc., controlled by the Defendant and his wife.  (Lin Dec. in Support of Motion for Forfeiture ¶ 10.)

## SENTENCING GUIDELINES

The United States calculates the Defendant's Sentencing Guidelines as follows:

a.   Base Offense Level, U.S.S.G. § 2L2.1(a):                                                    11

b.   Specific offense characteristics under U.S.S.G. Ch. 2

    25-99 fraudulent documents, U.S.S.G. § 2L2.1(b)(2)(A):                          +6

c.   Adjustments under U.S.S.G. Ch. 3 (*e.g.*, role in the offense)

    Aggravating role, fewer than five participants, U.S.S.G. § 3B1.1(c):          +2

d.   Acceptance of Responsibility, U.S.S.G. § 3E1.1(a):                                      - 2

e.   Adjusted Offense Level:                                                                              17

The United States does not move to decrease the Defendant's offense level by a third point of acceptance of responsibility.  The Defendant did not timely notify authorities of his intention to enter a guilty plea, which would have permitted the government to avoid preparing for trial.  *See* U.S.S.G. § 3E1.1(b).  Rather, the United States prepared witnesses for trial, filed motions in limine, opposed defense motions in limine, and filed trial documents including its witness list, exhibit list, joint pretrial conference statement, joint proposed jury instructions, joint proposed voir dire, joint proposed verdict form, and an evidentiary stipulation.  Doc. Nos.  99, 103-105, 108, 110-113.

The United States agrees with the Probation Office that the Defendant is in Criminal History Category I.  PSR at ¶ 48.  The Defendant's Sentencing Guidelines range is thus 24-30 months of imprisonment.  U.S.S.G. Ch. 5 Pt. A (Sentencing Table).

**SENTENCING RECOMMENDATION**

A Guidelines sentence is appropriate in this case.  The Defendant orchestrated a decade-long fraud scheme by which he personally profited.

District courts must impose sentences that promote the "sentencing goals" listed in 18 U.S.C. § 3553(a), and, "while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *United States v. Booker*, 543 U.S. 220, 259, 264 (2005).  The Court must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the objectives of imprisonment (punishment, deterrence, incapacitation, rehabilitation), the applicable Guidelines range, the policy statements enunciated by the Sentencing Commission, and the need to avoid unwarranted sentence disparities.  18 U.S.C. § 3553(a).

The United States disagrees with Probation's recommendation of a downward variance.  See PSR at 19-21.  The Defendant grew up in a supportive stable family and graduated from college.  *Id.* at ¶¶ 54-55.  He moved to this country and had good-paying legitimate employment before he decided to commit fraud to make more money.  *Id.* at ¶¶ 55, 68, 67.  It appears his home is worth approximately $2,742,000 according to Zillow.com (last accessed Feb. 2, 2026).  Probation notes that the Defendant has never been arrested.  *Id.* at p. 20.  That the Defendant did not commit additional crimes beyond the 10-year fraud for which he has been convicted is captured by his criminal history category.  It does not warrant any additional sentence reduction.

According to the Judicial Sentencing INformation (JSIN) platform, "during the last five fiscal years (FY2020-2024), there were 23 defendants whose primary guideline was §2L2.1, with a Final Offense Level of 17 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure." https://jsin.ussc.gov/analytics/saw.dll?Dashboard&PortalPath=%2Fshared%2FJSIN%2F_portal%2FJSIN&page=Sentencing%20Table (last accessed Feb. 2, 2026). Each of these defendants received a sentence of imprisonment. *Id.* "[T]he average length of imprisonment imposed was 18 month(s) and the median length of imprisonment imposed was 20 month(s)." *Id.*

In the event the Court is inclined to vary downward when sentencing the Defendant, the United States submits that the sentence should be no less than that imposed for every other comparably situated defendant.

## CONCLUSION

For ten years the Defendant lied, created fraudulent documents, and enlisted the help of his wife to deceive the government and collect than $2.5 million. The United States asks the Court to impose a low-end Guidelines sentence of 24 months imprisonment, three years of supervised release, a fine of $10,000, a special assessment of $700, and forfeiture in the amount of $2,555,725. This sentence will ensure that the Court imposes "a sentence sufficient, but not greater than necessary" consistent with its obligations under the Congressional mandate of 18 U.S.C. § 3553(a).

DATED:  February 2, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

          /s/
SARAH E. GRISWOLD
Assistant United States Attorney